UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:16-cv-80198-ROSENBERG/BRANNON

MAX PROCHETTE, and other similarly
situated drivers,

                      Plaintiff,

v.

CHOICE MEDICAL CENTERS, INC.,
a Florida Profit Corporation and
GARY BROWN, Individually,

                      Defendants.
_____/

## DEFENDANTS' RESPONSE TO STATEMENT OF CLAIM

Defendants CHOICE MEDIAL CENTERS, INC. ("CHOICE MEDICAL") and GARY BROWN ("BROWN") (collectively, the "Defendants"), by their undersigned counsel, pursuant to this Court's February 23, 2016 Order of Court-Mandated Requirements in FLSA-Based Cases [ECF No. 6] hereby respond to Plaintiff MAX PROCHETTE's ("Plaintiff") Statement of Claim as follows:

Plaintiff was employed by Injury Treatment Centers of Fort Myers from November 2004 through September 9, 2015. Plaintiff was never employed by CHOICE MEDICAL. Plaintiff worked as a driver for patients of Injury Treatment Centers of Fort Myers. Plaintiff was paid a salary of $600.00 per week. Plaintiff did not work 47 hours per week. Plaintiff was required to provide driving services to patients on an as-needed basis throughout the day. There were many days where Plaintiff did not provide services for most of the day, such as days where only one or two patients were driven to an appointment. Moreover, as the business location was not open more than 40 hours per week, the Defendants object to Plaintiff's claim that he could have worked 47 hours per week in any given week.

LEE & AMTZIS, P.L.
ATTORNEYS AT LAW

In addition to being fully compensated through the hours worked, Plaintiff was provided personal use of a company car as further compensation. Plaintiff was also advanced funds and provided with loans totaling $7,700.00.[1]

Finally, the purported number of weeks in the Plaintiff's calculation is incorrect. The Plaintiff calculates the total number of weeks as 100 total weeks. However, the relevant time period being from January 1, 2014 through September 9, 2015 is approximately 85 weeks, not 100 weeks.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: March 25 2016　　　　　　　　　Respectfully submitted,
　　　　　Boca Raton, Florida

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　ERIC LEE (Bar No. 961299)
　　　　　　　　　　　　　　　　　　　　　lee@leeamlaw.com
　　　　　　　　　　　　　　　　　　　　　Lee & Amtzis, P.L.
　　　　　　　　　　　　　　　　　　　　　5550 Glades Road, Suite 401
　　　　　　　　　　　　　　　　　　　　　Boca Raton, FL  33431
　　　　　　　　　　　　　　　　　　　　　Telephone:  (561) 981-9988
　　　　　　　　　　　　　　　　　　　　　**Attorneys for Defendants**
　　　　　　　　　　　　　　　　　　　　　**CHOICE MEDICAL CENTERS, INC. and**
　　　　　　　　　　　　　　　　　　　　　**GARY BROWN**

---

[1] A copy of the advance check and loan checks will be served upon Plaintiff's counsel.

## SERVICE LIST

**Attorney for Plaintiff**
**MAX PROCHETTE**

Remer & Georges-Pierre, PLLC
Jason Remer, Esq.
Brody M. Shulman, Esq.
44 W. Flagler St., Ste. 2200
Miami, FL 33130

Primary and Secondary Email Addresses

jremer@rgpattorneys.com
bshulman@rgpattorneys.com